**Giles Edward CHAPMAN, Appellant,**

v.

**Michael H. MUSICH, Lorri Shurtleff, Joseph W. Downey, Appellees.**

**No. 83–1088.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 25, 1984.

Decided Feb. 1, 1984.

Rehearing En Banc Denied March 14, 1984.

Giles E. Chapman, pro se.

Gunn & Lane, P.C., Cornelius T. Lane, Jr., St. Louis, Mo., for appellees.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Giles Edward Chapman is an inmate in the Missouri State Penitentiary at Jefferson City, Missouri. Though the record on appeal does not state the date, Chapman was convicted of first degree murder and sentenced to life imprisonment sometime prior to 1982. On February 9, 1982, the Missouri Supreme Court reversed the conviction and remanded the case for a new trial. *State v. Chapman*, 627 S.W.2d 597 (Mo.1982). Assistant Public Defender Michael Musich was appointed to represent Chapman in his second trial.

Soon after Musich's assignment to the case, Chapman sought to have him removed. Chapman listed a number of complaints regarding the quality of Musich's efforts on his behalf. Particularly, Chapman alleged that Musich failed to adequately prepare for trial, and that Musich also advised him to plead guilty to a lesser offense. Chapman claims that Musich told Chapman's father that Chapman should plea bargain and that this caused his father emotional distress and led to several arguments. In his effort to have Musich removed from his case, Chapman wrote letters to the state bar association, the trial judge, and Joseph Downey, the Public Defender for St. Louis, requesting an investigation and hearing. Chapman received a letter from Lorri Shurtleff stating that she would investigate his claim and contact him when her investigation was complete. Ms. Shurtleff never contacted Chapman. He was subsequently convicted again.

Chapman brought suit against Musich, Shurtleff and Downey in United States District Court[1] pursuant to 42 U.S.C. § 1983 (1979), alleging that Shurtleff and Downey deprived him of his right to effective assistance of counsel under the sixth amendment by failing to investigate his claim and failing to remove Musich from his case. The

---

1. The Honorable Clyde S. Cahill, United States District Court for the Eastern District of Missouri.

district court granted the defendants' motion to dismiss, finding that the defendants did not act under color of state law and that the allegations against them did not appear to amount to a deprivation of constitutional rights.

■ 42 U.S.C. § 1983 provides in relevant part:

### § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Several elements must be established to state a cause of action under section 1983: 1) the defendants must act under color of state law;[2] 2) the defendants' actions must be intentional;[3] and 3) the defendants' actions must cause the deprivation of plaintiff's rights.[4]

In granting the defendants' motion to dismiss, the district court relied on *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). In that case, Dodson, an indigent Iowa prison inmate, alleged that a Polk County Public Defender had failed to represent him adequately in an appeal to the Iowa Supreme Court. The public defender had been assigned to represent Dodson in his appeal from a conviction for robbery. After investigating the case, she moved for permission to withdraw as counsel on the ground that Dodson's claims were totally frivolous. The public defender accompanied her motion with an affidavit and filed a memorandum summarizing Dodson's claims and supporting legal argu-

ments. The Iowa Supreme Court granted the motion to withdraw and dismissed Dodson's appeal. Dodson filed a suit in United States District Court pursuant to 42 U.S.C. § 1983, contending that the public defender's actions, especially her motion to withdraw, had deprived him of his sixth amendment right to counsel, subjected him to cruel and unusual punishment, and denied him due process of law. Dodson relied on the public defender's employment by the county to satisfy the "under color of state law" element.

The United States Supreme Court ultimately decided the question, holding that a public defender does not act under color of state law when performing traditional functions as counsel. 454 U.S. at 324–25, 102 S.Ct. at 452–53. The Court used a functional analysis, reasoning that the fact that public defenders are employed by the county or the state, although certainly a relevant factor, is insufficient to establish that they act under color of state law within the meaning of section 1983:

it is the function of the public defender to enter "not guilty" pleas, move to suppress state's evidence, object to evidence at trial, cross-examine state's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities.

*Id.* at 320, 102 S.Ct. at 451.

■ In the instant case, the district court was correct in dismissing Chapman's section 1983 claim against Musich. In fact, Chapman has abandoned that claim on appeal. Chapman concedes that none of the defendants act under color of state law in the performance of their traditional adversarial functions. He maintains, however, that both remaining defendants either failed to perform, or negligently performed certain administrative and investigative functions.

---

2. *Cole v. Smith*, 344 F.2d 721, 723 (8th Cir. 1965).

3. *Thompson v. School District of Omaha, Etc.*, 623 F.2d 46, 48 (8th Cir.1980).

4. *Monell v. Department of Social Services*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

This question was left unresolved in *Polk County v. Dodson.*

In concluding that [the public defender] did not act under color of state law in exercising her independent professional judgment in a criminal proceeding, we do not suggest that a public defender never acts in that role. In *Brandi v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), for example, we found that a public defender so acted when making hiring and firing decisions on behalf of the State. It may be—although the question is not present in this case—*that a public defender also would act under color of state law while performing certain administrative and possibly investigative functions.* Cf. *Imbler v. Pachtman,* 424 U.S. 409, 430–431 and n. 33, 96 S.Ct. 984, 995–996 and n. 33, 47 L.Ed.2d 128 (1976). And of course we intimate no views as to a public defender's liability for malpractice in an appropriate case under state tort law. See *Ferri v. Ackerman,* 444 U.S. 193, 198, 100 S.Ct. 402, 406, 62 L.Ed.2d 355 (1979).[18]

18. In addition to possible relief under state tort law, an indigent prisoner retains the right to initiate state and federal habeas corpus proceedings. For an innocent prisoner wrongly incarcerated as the result of ineffective or malicious counsel, this normally is the most important form of judicial relief.

454 U.S. at 324–25, 102 S.Ct. at 453 (emphasis ours).

Because the district court dismissed Chapman's complaint pursuant to FED.R. CIV.P. 12(b)(6), we must view his allegations as true. This court explained in *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.1979):

We review the dismissal of plaintiff's complaint in light of the following standards:

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

\* \* \* \* \* \*

[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Nor should a complaint be dismissed that does not state with precision all elements that give rise to a legal basis for recovery. Finally, a complaint should not be dismissed merely because the court doubts that a plaintiff will prevail in the action. That determination is properly made on the basis of proof and not merely on the pleadings.

The question, therefore, is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. (Citations omitted.)

This is one such unusual case, where appellant's allegations show that there is an insuperable bar to relief. We have carefully studied the record and we fail to see how any liability could follow on behalf of Shurtleff and Downey. The appointment of counsel in this case was made by the state court judge. The court controls the appointment and supervision of counsel. Counsel could not have been relieved in this case unless the court were to so relieve him. It appears that two state trial judges refused to remove Musich from the case. In light of all the evidence in the record before us, we hold the district court was correct in dismissing the complaint. Accordingly, we affirm.