**Bartolo GOMEZ Sr Parent/Prsnl Rep of Estate of Bartolo Gomez, Jr., Deceased, and Janice Gomez Parent/Prsnl Rep of Estate of Bartolo Gomez, Jr., Deceased, Plaintiffs-Appellants,**

v.

**William WHITNEY, Charles Gonzales and Riva Cook, Defendants,**

**and**

**City of Winslow, Walter Maule, Sterling Norgaard and Frank Kramer, Defendants-Appellees.**

No. 83–2670.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1984.

Decided April 9, 1985.

Richard M. Grimsrud, Wilson, Gaylord & Grimsrud, Flagstaff, Ariz., for plaintiffs-appellants.

Warner G. Leppin, Leppin & Patton, Winslow, Ariz., for defendants-appellees.

Before WALLACE, KENNEDY and FLETCHER, Circuit Judges.

PER CURIAM:

Bartolo Gomez, Sr. and his family brought a civil rights action under 42 U.S.C. § 1983 against the City of Winslow and its employees Walter Maule, Sterling Norgaard and Frank Kramer. The district court granted summary judgment for the defendants on the grounds that the statute of limitations had run on the plaintiffs' claims and that the plaintiffs failed to state a cognizable § 1983 claim. We review the district court's grant of summary judgment *de novo, Lone Ranger Television, Inc. v. Program Radio Corp.,* 740 F.2d 718, 720 (9th Cir.1984), and affirm.

Appellants' son, Bartolo Gomez, Jr., who was of Mexican and Hopi-Indian descent, died as the result of an apparent accident

while trespassing on a construction site with two other juveniles. The police conducted a cursory investigation and decided not to recommend that any charges be brought against the decedent's companions. For almost two years after his son's death, Bartolo Gomez, Sr. attempted to persuade the police department to re-open the investigation. When these efforts failed, Gomez brought this action alleging that his and his family's civil rights had been violated by the police department's inadequate investigation.

 A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States. *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980). A threshold question in this appeal, then, is whether or not the appellants' claim involves the deprivation of a protected right.

 The appellants claim that the right infringed was a due process right to have a full and fair police investigation into violence done against themselves or their children. However, we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved. *See, e.g., Smith v. Ross,* 482 F.2d 33 (6th Cir.1973) (police failure to protect against housing discrimination).

Because the appellants have failed to state facts that constitute the infringement of a protected right,[1] their § 1983 claim must necessarily fail, and the district court was consequently correct in granting summary judgment against them.[2] The judgment of the district court is therefore AFFIRMED.

---

1. Appellants have made no showing that the alleged failure to investigate was because of the victim's race (Mexican and Indian) or any other facts that would implicate violation of equal protection rights.

2. Because we decide that the appellants have not stated a cognizable § 1983 claim, we need not reach the statute of limitations issue, or whether there existed material factual questions making summary judgment inappropriate.