945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. MOORE, Plaintiff-Appellant,
v.
YAKIMA COUNTY, Defendant,
and
Linda Rae Wilson, Jeffrey C. Sullivan, Prosecutor, David
Sherman, Deputy, Greg Shoegren, Deputy, Wendy Clements,
Deputy, Kenneth Raber, Harvey Wilson, Lois Wilson, Edward
Hosack, Probation Officer, Ron Ward, Defendants-Appellees,
 No. 90-35586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Moore appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 against his former attorney, Yakima City and County, and various law enforcement officers, prosecutors and a probation officer ("appellees"). The district court dismissed Moore's original and amended complaints without prejudice for failure to state a claim, and subsequently dismissed the entire action with prejudice for Moore's failure to pay sanctions imposed due to Moore's failure properly to amend his complaint. Moore filed a notice of appeal from the district court's April 22, 1990 order dismissing his amended complaint. Because the appeal was from an interlocutory order, it was prematurely filed. Nevertheless, the district court's July 9, 1990 order dismissing the entire action with prejudice validated Moore's prematurely filed notice of appeal. See Fed.R.App.P. 4(a)(2); Freeman v. Hittle, 747 F.2d 1299, 1301-02 (9th Cir.1985); Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981). Accordingly, we have jurisdiction to hear the appeal under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Appellate Review of the District Court's Interlocutory Orders
 
 
 4
 Appellees contend that if a district court dismisses a case for failure to pay Rule 11 sanctions, the court of appeals does not review any interlocutory orders. We disagree.
 
 
 5
 A district court's order dismissing a complaint without dismissing the underlying action is an interlocutory order. Allen v. Veteran's Admin., 749 F.2d 1386, 1388 (9th Cir.1984). "[I]nterlocutory rulings otherwise unappealable merge into a final judgment and become reviewable." Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). We have previously held, however, that if the district court dismisses a case for failure to prosecute, we will not review interlocutory orders. See id. The rationale for this exception to the merger rule is that "[i]t would be unwise to encourage all would-be appellants from interlocutory orders to delay for the purpose of dismissal for lack of prosecution and review of otherwise unreviewable decisions." Id.
 
 
 6
 Here, the district court's dismissals of Moore's original and amended complaints were interlocutory orders. Moore's action was subsequently dismissed, however, for failure to pay rule 11 sanctions and not for failure to prosecute. The rationale given for the exception to the merger rule where dismissal is for failure to prosecute cannot justify a refusal to review the interlocutory orders of the district court in this case. Accordingly, we decline to create a new exception to the merger rule and find that we may review the district court's interlocutory orders on appeal.
 
 II
 
 7
 Dismissal of Moore's Original and Amended Complaints
 
 
 8
 Whether the district court erred by imposing sanctions pursuant to Fed.R.Civ.P. 11 and by subsequently dismissing the action for failure to pay those sanctions depends upon whether Moore's original and amended complaints were properly dismissed under Fed.R.Civ.P. 12(b)(6) and 56(b).
 
 
 9
 A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is a ruling on a question of law which we review de novo. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 10
 We review a grant of summary judgment de novo. See id. We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 11
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A deprivation of a constitutional right occurs if the person acting under color of state law "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988). Even "a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 12
 "[A]n otherwise private person acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984). To prove conspiracy under section 1983, an agreement or meeting of the minds to violate the plaintiff's constitutional rights must be shown. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989).
 
 
 13
 Moore's complaint names 21 individuals, the City of Yakima and the County of Yakima as defendants. The individual defendants are sued in their alleged official.
 
 A. Defendant Kenneth W. Raber
 
 14
 Moore's complaint alleges that "[d]efendant Kenneth Raber, Plaintiff's attorney, didn't question [certain police officer witness] not being in court," and that "the largest portion of Defendant Raber's income came from the prosecutor's office." Moore's supplemental complaint alleges that Raber "would not give Plaintiff notices of trial dates or information on trials," that he is in default of a subpoena, and that he "would not act in good faith with fee arbitration under CH. 7.04 RCW." Raber moved to dismiss the action against him under Fed.R.Civ.P. 12(b)(6).
 
 
 15
 Neither Moore's initial complaint nor his supplemental complaint alleges that Raber, acting under the color of state law, deprived Moore of a constitutional right. See Parratt, 451 U.S. at 535. Accordingly, the district court did not err by dismissing the action against Raber for failure to state a claim.
 
 B. Defendant Victor Valicoff
 
 16
 Moore's original complaint alleges that Valicoff is a Yakima police officer who refused to arrest two other defendant's that physically assaulted Moore. The amended complaint alleges that "attorney Raber represented Valicoff and Plaintiff at the same time." Valicoff moved for dismissal of the action against him under Fed.R.Civ.P. 12(b)(6) and 56(b). In support of his motion, Valicoff submitted the affidavit of the police chief of the City of Yakima stating that Valicoff is not and has never been a member of the Yakima police department. Moore does not dispute this fact. Accordingly, because Moore has failed to allege the deprivation of a constitutional right by a person acting under the color of state law, the district court did not err by granting Valicoff's motion for summary judgment. See Parratt, 451 U.S. at 535.
 
 C. Defendants Yakima County Prosecutors
 
 17
 Moore's original and amended complaints appear to allege that defendants Jeffrey Sullivan, David Sherman, Greg Shogren, and Wendy Clements, in their capacity as Yakima County prosecutors, failed to prosecute complaints filed by Moore. These defendants sought dismissal under Fed.R.Civ.P. 12(b)(6).
 
 
 18
 Prosecutors are absolutely immune from section 1983 liability for their prosecutorial activities. Imbler v. Pactman, 424 U.S. 409, 424 (1976); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989). Thus, dismissal of Moore's complaint as to these defendants was proper.
 
 
 19
 D. Defendants Linda Rae Moore, Harvey Wilson, and Lois Wilson
 
 
 20
 Moore alleges that Linda Rae Moore violated a court order by terminating an insurance policy. He also alleges that Harvey Wilson and Lois Wilson "threatened Plaintiff several times." Moore's amended complaint adds nothing to these allegations. Linda Rae Moore, Harvey Wilson, and Lois Wilson moved for summary judgment under Fed.R.Civ.P. 56(b). These defendants submitted affidavits stating that they have never been employed by the City or County of Yakima and have never acted under color of state law to deprive Moore of his constitutional rights. Moore does not dispute this fact. Moreover, Moore has not alleged that these defendants reached an agreement or "meeting of the minds" with a person acting under color of state law to deprive Moore of his constitutional rights. See Woodrum, 866 F.2d at 1126. Thus the district court did not err by granting summary judgment for these defendants. See Parratt, 451 U.S. at 535.
 
 E. Defendant Edward Hosack
 
 21
 Moore alleges that Hosack, Moore's probation officer, had a warrant served on him without due process of law, threatened him, and overcharged him probation fees. Hosack argues that his actions, taken in the scope of his duties as a probation officer, involved an exercise of quasi-judicial authority that will not support a cause of action under section 1983. Hosack moved for dismissal under Rule 12(b)(6).
 
 
 22
 Probation officers have absolute immunity from damage suits under section 1983 arising from acts performed within the scope of their official duties. Demoran v. Witt, 781 F.2d 155, 158 (9th Cir.1986).
 
 
 23
 There is no indication that Hosack's actions, which Moore asserts as a basis for his section 1983 claim, were not within the scope of Hosack's official duties as a probation officer. Thus, neither of Moore's complaints states a constitutional claim against Hosack, and the district court properly granted Hosack's motion to dismiss. See Demoran, 781 F.2d at 158.
 
 F. Defendant City of Yakima
 
 24
 In both his original and amended complaints, Moore appears to allege that the City of Yakima deprived him of a constitutional right by failing to prosecute certain individuals alleged to have assaulted him. The affidavit of Police Captain Don Blesio states that the Yakima police department investigated Moore's complaints and turned over the results of this investigation to city prosecutors who did not file charges. Moore does not dispute these facts. The City of Yakima and defendants police officers Blesio, Voline, Cruz, Loveland, Herbur, Mitchell, Valicoff, and Bounds moved for summary judgment under Rule 56(b).
 
 
 25
 As previously noted city prosecutors are absolutely immune for their prosecutorial activities. See Imbler, 424 U.S. at 424. Furthermore, an allegation of inadequate investigation by the police department will not support a section 1983 claim. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey, 673 F.2d at 268. Thus, the district court did not err by granting summary judgment for these defendants.
 
 G. Defendant Pat Teague
 
 26
 Moore's original complaint appears to allege that Teague is a "District Court Administrator" who threw certain citizen complaints away. This is the extent of Moore's claims against Teague. This vague and conclusory allegation fails to state a section 1983 claim. Id.
 
 H. Defendants Ron Ward and Doug Blair
 
 27
 Ward is a deputy sheriff for Yakima County. Moore's original complaint alleges that Ward assaulted him. In both his original and amended complaints, Moore fails to allege any facts in support of his claim of assault. This conclusory allegation, standing alone, fails to state a claim under section 1983. See id.
 
 
 28
 Blair is the sheriff of Yakima County. Moore's original complaint alleges that Blair witnessed Ward assault him, and also alleges that Blair filed a false report of a conversation Blair allegedly had with Moore. Moore's amended complaint raises no new claims against Blair. Moore fails to allege that Blair, acting in his capacity as sheriff, deprived Moore of a constitutional right. See Parratt 451 U.S. at 535. Accordingly, Moore failed to state a section 1983 claim against Blair.
 
 I. Defendants John Strait and Robert Howard
 
 29
 Moore's original and amended complaints appear to allege that defendants Strait and Howard physically assaulted Moore. Moore has not alleged that either Strait or Howard was acting under color of state law when the alleged assault occurred. See id. Moore also has not alleged that either Strait or Howard conspired with a person acting under color of state law to deprive him of a constitutional right. See Woodrum, 866 F.2d at 1126. Thus, Moore has failed to state a section 1983 claim against either Strait or Howard.
 
 II
 Imposition of Rule 11 Sanctions
 
 30
 In its October 27, 1989 order dismissing Moore's complaint with leave to amend, the district court specifically cautioned Moore "that should any amendment [to the complaint] demonstrate the absence of factual or legal inquiry evidenced by the first complaint, the court shall be forced to impose monetary or other sanctions against him." Moore filed a pleading entitled "supplemental complaint" which the district court construed as an amended complaint. The district court found that the supplemental complaint "contains allegations against only those defendants which the court has dismissed and is in obvious violation of the court's prior order." On that basis, the district court dismissed Moore's supplemental complaint. Following a hearing, the district court ordered Moore to pay sanctions pursuant to Rule 11.
 
 
 31
 We review all aspects of a district court's imposition of Rule 11 sanctions for an abuse of discretion. In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.1991); Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir.1990). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990).
 
 
 32
 Rule 11 sanctions are warranted if the charges in a complaint are not "well grounded in fact" or are not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. Thus, if the charges in a first amended complaint are baseless and made without reasonable factual and legal inquiry, an imposition of sanctions under the "frivolousness" prong of Rule 11 is justified. In re Grantham Bros., 922 F.2d at 1442; Townsend, 929 F.2d at 1367.
 
 
 33
 Pro se litigants are held to an objective standard of reasonableness under Rule 11. Business Guides v. Chromatic Communications, Enter., 892 F.2d 802, 811 (9th Cir.1989), aff'd, 111 S.Ct. 922 (1991). In exercising its discretion to impose sanctions, the district court should consider that "what is objectively reasonable for a pro se litigant and for an attorney may not be the same," and that the pro se status of a litigant is relevant to the choice of an appropriate sanction. Id.
 
 
 34
 Here, in its October 27, 1989 order dismissing Moore's initial complaint with leave to amend, the district court clearly explained the deficiencies in Moore's initial complaint and allowed him 90 days to file an amended complaint so that he could conduct a reasonable inquiry into the facts and law. Moore was cautioned that the amended complaint was to serve as a complete substitute for and not a supplement to the initial complaint. Moore also was cautioned "that should any amendment demonstrate the absence of factual and legal inquiry evidenced by the first complaint, the court shall be forced to impose monetary or other sanctions against him."
 
 
 35
 Nevertheless, in the pleading labelled "supplemental complaint," Moore persisted in asserting essentially the same allegations which the district court had correctly found to be insufficient to state a claim for relief under section 1983. In view of the ample opportunity given Moore to amend his complaint and his failure to follow the district court's clear instructions on what is required to state a section 1983 claim, we find that the district court did not abuse its discretion by imposing Rule 11 sanctions on Moore. See In re Grantham Bros., 922 F.2d at 1442; Townsend, 929 F.2d at 1367.
 
 III
 
 36
 Dismissal for Failure to Pay Rule 11 Sanctions
 
 
 37
 The district court dismissed Moore's action with prejudice because he failed to pay Rule 11 sanctions. We construe this dismissal as one under Rule 41(b) for failure to comply with the district court's order. Fed.R.Civ.P. 41(b)
 
 
 38
 We review a dismissal with prejudice under Rule 41(b) for an abuse of discretion. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 39
 A district court may dismiss an action under Rule 41(b) for failure to comply with any order of the court. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Id.
 
 
 40
 A dismissal for failure to comply with a court order "should not be disturbed unless there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (quoting Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir.1980)). Relevant factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability to less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1986). The lower court need not make specific findings to show that it considered these factors. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). If no such findings are present, however, we will review the record independently to determine whether the lower court abused its discretion. Id.
 
 
 41
 Our review of the record supports the district court's dismissal of the action. The district court satisfied the consideration of alternatives requirement by imposing sanctions before dismissal. Furthermore, Moore was expressly warned that failure to properly amend his complaint would result in the imposition of sanctions. After Moore failed properly to amend his complaint, the district court imposed monetary sanctions on Moore and he was warned that failure to pay these sanctions would result in dismissal of his action. Thus, the court also adequately identified the action that would lead to dismissal. Given Moore's failure to pay these sanctions despite the district court's express warning, we hold that the district court did not abuse its discretion by dismissing the action under Rule 41(b). See Malone, 833 F.2d at 130-34; see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412-14 (9th Cir.1990), cert. denied, 111 S.Ct. 1019 (1991).
 
 
 42
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3