25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Sudan PROVOST, Plaintiff-Appellant,
v.
Barry DILLARD, Police Officer Badge No: 5792, 11th
Precinct, Defendant-Appellee.
 No. 94-1060.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Sudan Provost, a pro se California resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Provost sued Barry Dillard, a Detroit police officer, in his official and individual capacities. Provost alleged that his cousin shot him in August 1992, while visiting relatives in Detroit. Although Provost filed a complaint with Dillard, the cousin was never arrested and prosecuted for the alleged crime. Provost contends that because his cousin was never arrested and prosecuted, Dillard violated Provost's civil rights.
 
 
 3
 The district court dismissed the complaint sua sponte for lack of jurisdiction. In his timely appeal, Provost continues to argue that his due process and equal protection rights were violated because his cousin was not arrested and prosecuted for the alleged crime. He requests oral argument.
 
 
 4
 This court conducts a de novo review of the district court's order. See Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990). Upon review, we affirm the district court's order for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 In order to establish an equal protection violation, an individual must allege or prove racially discriminatory intent or purpose. Washington v. Davis, 426 U.S. 229, 239-42 (1976). Discriminatory intent may be found by direct and circumstantial evidence. Lowe v. City of Monrovia, 775 F.2d 998, 1011 (9th Cir.1985), amended on other grounds, 784 F.2d 1407 (9th Cir.1986). Provost does not contend that Dillard's alleged inaction was racially motivated, nor does he state that he even belongs to a racial minority. Therefore, Provost simply does not state an equal protection claim.
 
 
 6
 Finally, the failure of a police officer to investigate crimes of violence against a person does not state a civil rights claim unless another recognized constitutional right is involved. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam); see also Smith v. Ross, 482 F.2d 33, 36-37 (6th Cir.1973) (per curiam) (failure to act due to racial animus sufficient to state a civil rights claim). Provost did not allege that another recognized constitutional right was involved in Dillard's alleged inaction. Thus, Provost did not state a due process claim.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.