30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BURCHETT, Plaintiff-Appellant,
v.
Tom SELF, United States Attorney; Ben Walker, FBI Agent,
Defendants-Appellees.
 No. 94-5058.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 William A. Burchett, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint construed as being filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking mandamus relief, Burchett sued an Assistant United States Attorney (AUSA) and an FBI agent requesting that the district court order the defendants to investigate whether a Roger Webb robbed the Ferrell's Creek Bank in Pikeville, Kentucky. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his timely appeal, Burchett continues to argue the merits of his complaint. Burchett also contends that the district court erred in not conducting a hearing on the merits of his complaint and that the trial judge should have recused himself. Burchett requests oral argument and has moved for injunctive relief and the appointment of counsel.
 
 
 3
 Dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A district court may sua sponte dismiss a complaint as frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1199.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Burchett's complaint as frivolous. See Denton, 112 S.Ct. at 1734. To obtain mandamus relief, an individual must have a clear right to the relief, the defendant has a duty to act on the issue in question, and no other remedy is available. Banks v. Secretary of Ind. Family and Social Servs. Admin., 997 F.2d 231, 244-45 (7th Cir.1993); see also In re NLO, Inc., 5 F.3d 154, 155-56 (6th Cir.1993). Burchett's cryptic complaint does not establish that he has a clear right to compel an AUSA or FBI agent to investigate a third party for alleged criminal activity. Furthermore, Burchett has not established that the defendants have a duty to comply with Burchett's request.
 
 
 5
 To the extent that Burchett's complaint is construed as a civil rights complaint against the AUSA under Bivens, the AUSA is entitled to absolute immunity as prosecutors are entitled to immunity for prosecuting activities intimately associated with the judicial phase of the criminal process. Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir.1990). This protection extends to decisions not to prosecute individuals. Id.
 
 
 6
 As to the FBI agent, the failure of a law enforcement officer to investigate a crime of violence does not establish a civil rights violation unless another recognized constitutional right is involved. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam); Smith v. Ross, 482 F.2d 33, 36-37 (6th Cir.1973) (per curiam). Because Burchett fails to claim that the FBI agent's alleged inaction was motivated by impermissible reasons, Burchett fails to assert a Bivens action against the FBI agent.
 
 
 7
 Finally, because the recusal and hearing issues were not first presented in the district court, they are unreviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.