108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Snow HUME, Plaintiff-Appellant,
v.
Michael C. MAYNARD; Guy N. Ormes, Defendants-Appellees.
 No. 96-55739.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Snow Hume appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal without prejudice of his 42 U.S.C. § 1983 action alleging that defendants threatened to arrest him for removing political campaign signs from private property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 
 3
 Hume contends that the district court erred by dismissing his action because he alleged facts sufficient to state a cognizable claim under section 1983. This contention lacks merit.
 
 
 4
 To state a section 1983 claim, a plaintiff must allege that defendant, while acting under color of state law, deprived him of a federally protected right. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam).
 
 
 5
 Here, Hume's allegation that defendants had threatened to arrest him did not implicate a protected federal right because a mere "threat to do an act prohibited by the Constitution is [not the] equivalent to doing the act itself." Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam). Moreover, we note that Hume's purported section 1983 action was based primarily upon defendants' alleged violation of state law, an inadequate basis to support a section 1983 action. See Karim-Panahi, 839 F.2d at 624; Gomez, 757 F.2d at 1006. Accordingly, the district court did not err by dismissing Hume's action without first allowing Hume an opportunity to amend his complaint. See Noll, 809 F.2d at 1448; see also Newland v. Dalton, 81 F.3d 904, 906-07 (9th Cir.1996) (stating that a district court may deny leave to amend a complaint if the court has already dismissed the action without prejudice, and amendment would be futile).
 
 AFFIRMED.[1]
 
 
 *
 We unanimously find this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Hume's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Hume's request to take judicial notice of a document from his state criminal proceeding, because the document is not directly related to issues presented in this appeal. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992)