Teddy LEWIS, 79–B–0528, Plaintiff,

v.

Patrick M. GALLIVAN, Frank J. Clark, and Erie County Municipal Corporation, Defendants.

No. 04–CV–6084FE.

United States District Court, W.D. New York.

April 15, 2004.

---

Teddy Lewis, 79–B–0528, Malone, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Plaintiff Teddy Lewis, an inmate of the Wende Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Erie County Sheriff Patrick M. Gallivan, Erie County District Attorney Frank J. Clark, and the Erie County Municipal Corporation, violated his constitutional rights by failing to prosecute Correctional Officers Bartel and K. Briggs for threatening him on three occasions. For the reasons discussed below, plaintiff's request to proceed as a poor person is grant-

ed and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on September 24, 2003 he sought to bring criminal charges against two correctional officers for threatening him. He wrote to each of the named defendants, but they took no action. He claims that because of their inaction, Officer K. Briggs assaulted him on January 17, 2004.[1] He claims that he was denied the opportunity to file criminal charges in violation of his Fourteenth Amendment rights to equal protection.

## DISCUSSION

■ Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

---

1. Plaintiff does not name Officers Briggs or Bartel as defendants to this action, and provides no further information regarding the assault.

1915A(b) because they fail to state a claim upon which relief may be granted.

■ Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993).

### Municipal Liability and Official Capacity

■ Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as Erie County Municipal Corporation may not be held liable under § 1983 *unless* the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *and see Collins v. City of Harker Heights*, 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Erie County Municipal Corporation, and thus plaintiff has failed to state a § 1983 claim against this defendant.

To the extent that plaintiff sues Sheriff Gallivan and District Attorney Clark in their official capacities, plaintiff's claim is equivalent to a claim against Erie County Municipal Corporation and therefore the claim is subject to dismissal for the reasons just discussed. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gottlieb*, 84 F.3d 511.

### Equal Protection and Failure to Prosecute

■ "To state an equal protection claim, a plaintiff must charge a governmental officer 'not only with deliberately interpreting a statute against the plaintiff, but also with singling him out alone for that misinterpretation.'" *Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir. 1988) (quoting *Burt v. City of New York*, 156 F.2d 791, 792 (2d Cir.1946)). To establish such intentional or purposeful discrimination, it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Yale Auto Parts v. Johnson*, 758 F.2d 54, 61 (2d Cir.1985). Here, the complaint merely includes bald allegations that the defendants failed to investigate and prosecute plaintiff's claims against correctional officers. It is devoid of any allegations that the defendants would have responded differently to another inmate whose situation was similar to the plaintiff's. In the absence of any such factual allegations, plaintiff's equal protection claim is insufficient as a matter of law. *See Brady*, 863 F.2d at 216–17; *Yale Auto Parts*, 758 F.2d at 61 (allegation that others were treated differently is "essential" to an equal protection claim).

■ Further, the law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual. *Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65

(1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Ostrowski v. Mehltretter*, 20 Fed.Appx. 87 (2d Cir.2001). Although these cases arose in a somewhat different context, the court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. *See Younger v. Harris*, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Poe v. Ullman*, 367 U.S. 497, 501, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *Linda R.S. v. Richard D., supra*, 410 U.S. at 619, 93 S.Ct. 1146. "There is ... no constitutional right to an investigation by government officials," *Stone v. Department of Investigation of New York*, 1992 WL 25202 (S.D.N.Y. Feb.4, 1992) (citing *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir.1985)); *Chapman v. Musich*, 726 F.2d 405 (8th Cir.1984), and "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." *Gomez*, 757 F.2d at 1005; *see Malloy v. City of New York*, 1996 WL 648927 at *2 (S.D.N.Y. Nov.7, 1996). Thus, plaintiff has no cognizable claim alleging that these defendants were under an obligation to investigate or prosecute his claims.

Finally, these defendants are not in supervisory positions within the prison hierarchy, and therefore do not have a duty to protect plaintiff under the Eighth Amendment, which requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff's complaint fails to set forth a claim upon which relief can be granted. While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir.1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.