James OSTROWSKI, Petitioner–
Appellant,

v.

Kathleen M. MEHLTRETTER,
Respondent–Appellee.

No. 01–7193.

United States Court of Appeals,
Second Circuit.

Oct. 11, 2001.

Bradley E. Tyler, Assistant United States Attorney for the Western District of New York, Christopher V. Taffe, Assistant United States Attorney, on the brief, Rochester, NY, for defendant-appellee.

Present CHESTER J. STRAUB, ROBERT A. KATZMANN, and FRANK J. MAGILL * Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner-appellant James Ostrowski, appearing *pro se*,[1] appeals from a judgment entered in the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) dismissing his action in its entirety with prejudice. Because we conclude that Ostrowski lacks standing to prosecute this case, we are without jurisdiction to address the merits of his claim. We therefore affirm the judgment of the District Court to dismiss Ostrowki's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1993, while serving as associate counsel in a proceeding before the United States District Court for the Western District of New York (William M. Skretny, *Judge*), Ostrowski and another attorney, Frank Bybel, were subject to a contempt motion. The court refused to dismiss the motion against Ostrowski, but dismissed it as to Bybel. According to Ostrowski, this was the result of an improper *ex parte* communication between Bybel and Judge

James Ostrowski, Buffalo, NY, pro se.

* The Honorable Frank J. Magill, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Although Ostrowski proceeds *pro se*, he is an attorney.

Skretny. Ostrowski's counsel filed a motion requesting that Judge Skretny recuse himself, which was denied; a subsequent investigation by then Chief Judge Newman of the Second Circuit cleared the judge of any wrongdoing.

Ostrowski remained unsatisfied. He requested that the FBI investigate both Bybel and Judge Skretny and presented "substantial evidence that Mr. Bybel had committed perjury or obstruction of justice." The FBI contacted the U.S. Attorney's office in Buffalo where Defendant Appellee Kathleen Mehltretter, Assistant United States Attorney for the Western District and chief of that office's Criminal Division, was assigned to handle the complaint. Mehltretter initially responded to Ostrowski's complaint with a letter to Ostrowski stating that his allegation of a breach of judicial ethics by Judge Skretny was not a federal crime. Still not satisfied, Ostrowski wrote to Mehltretter, arguing that his concern was with Bybel's perjury and obstruction of justice. Mehltretter responded that Bybel's actions did not constitute a criminal act.[2]

Ostrowski then filed the instant action, alleging that Mehltretter violated his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Specifically, Ostrowski contends that leaks from Mehltretter's office to Bybel led to "retaliatory actions" against Ostrowski, including "derogatory" remarks by Bybel and an "ironic" comment by Judge Skretny "best understood as threatening ." Further, Ostrowski alleges that Mehltretter's unsatisfactory and dishonest handling of his

complaint and her refusal to investigate stemmed from hostility to his outspoken and "politically controversial" viewpoints, and constitute a denial of equal protection, his right to petition, and his freedom of speech.

Before the District Court, Mehltretter moved to dismiss Ostrowski's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court granted the motion, finding that Ostrowski lacked standing to pursue the case, and that even if standing were found, Ostrowski's claims are barred by the absolute immunity enjoyed by federal prosecutors. This timely appeal followed. DISCUSSION

■ We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) *de novo. See Prince v. Hicks,* 198 F.3d 607, 611 (6th Cir.1999). In doing so, we are bound to accept the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999), *cert denied,* 531 U.S. 1052, 121 S.Ct. 657, 148 L.Ed.2d 560 (2000). Nevertheless, "conclusory allegations of the legal status of defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *In re American Express Co. Shareholder Litig.,* 39 F.3d 395, 400–01 n. 3 (2d Cir.1994).

In his brief, Ostrowski alleges what he claims are six separate causes of action embedded in his complaint: (1) that Mehltretter's copying to the FBI a letter to Ostrowski stating that she had found no violation was "improper legal advice"; (2) that the same action constituted an improper direction to the FBI not to investi-

---

2. Ostrowski protested Mehltretter's decision to her perceived superiors: Lee J. Radek, Chief of the Public Integrity Section of the U.S. Justice Department, Marcia W. Johnson, Counsel to the Executive Office for United States Attorneys. He was met with similar reactions, and has since launched an action against both in the United States District Court for the District of Columbia.

gate his allegations; (3) that Mehltretter improperly leaked information to Bybel of Ostrowski's attempts to solicit the cooperation of the FBI; (4) that she failed to investigate that leak (presumably because she was behind it); (5) that she intentionally prevented the redress of Ostrowski's injury through a strategy of delay, dishonesty, and obfuscation; and (6) that she failed to investigate Ostrowski's allegations of perjury and obstruction of justice. To this list we can add a seventh, implied cause of action: that Mehltretter did not prosecute Bybel for his alleged wrongdoing.[3]

■ Before Ostrowski's constitutional claims can be addressed, he must first satisfy Article III's standing requirements: (1) that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) [that] the injury is fairly traceable to the challenged action of Mehltretter; and (3) [that] it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

■ Ostrowski has no standing to sue for any of Mehltretter's actions. First of all, he has not shown injury-in-fact. The failure of Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner—he has no "personal stake in the outcome" of a perjury case brought against (or not brought against) another person. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Essentially recognizing his lack of personal stake, Ostrowski constructs a tenuous causal chain, arguing that "had the defendants investigated and directed the FBI to investigate," Bybel would have confessed to perjury, allowing Ostrowski to reopen his motion to recuse Judge Skretny, and "upon the success of that motion, to reopen his motion for sanctions, costs, and attorneys' fees against the parties and attorneys who ... forced him to endure a frivolous contempt proceeding." (Complaint, ¶¶ 119–120). This chain is clearly much too speculative and remote to meet the second prong of the standing test—Mehltretter's investigation or even prosecution of Bybel does not necessarily lead to any of the conclusions Ostrowski envisions. As such, he lacks the personal stake necessary to "assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

■ There is even less of a causal relationship between Ostrowski's injuries and Mehltretter's actions in communicating with the FBI of her decision not to prosecute. First, there is no reason to believe that absent Mehltretter's recommendation, the FBI would have pursued Bybel. Further, even if Mehltretter's actions did influence the FBI, as discussed above, Ostrowski has provided no basis upon which we may conclude that he has suffered a genuine, palpable injury as a result. *Id.* The tenuous causal chain laid out by Os-

3. Ostrowski recognizes this in his brief: "The complaint does not explicitly state a cause of action for the decision not to prosecute. However, to the extent that the Court construes such a cause of action to be contained therein, the government may very well have waived immunity with respect to the decision not to prosecute a perjury case since Justice department guidelines require that all perjury cases be investigated and vigorously prosecuted." (Appellant's brief, 20).

trowski is constitutionally insufficient to ground standing. Finally, Ostrowski's conclusory allegations of leaks and delays are even more speculative. In short, Ostrowski has alleged neither a sufficient factual or legal basis to support a claim of actual injury or that Mehltretter caused any injury claimed by Ostrowski.

Further support for our conclusion that Ostrowski does not possess standing is found in *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973), which found no standing in a nearly identical factual scenario. While *Linda R.S.* predates the three-pronged standing test first articulated in *Lujan*, its central holding, that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," remains good law, at least in the context of criminal prosecutions. *Id.* at 619, 93 S.Ct. 1146; *see also Laidlaw*, 528 U.S. at 188, 528 U.S. at 203 (Scalia, J., concurring); *Leeke v. Timmerman*, 454 U.S. 83, 86–87, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) ("[A] private citizen lacks the judicially cognizable interest in the prosecution or nonprosecution of another.").

Therefore, we find that Ostrowski does not possess standing to prosecute his current claims. Accordingly, as we are without jurisdiction to evaluate the merits of Ostrowski's claims, the decision of the District Court to dismiss Ostrowski's complaint is AFFIRMED.