**Jan Van ECK, Plaintiff**

v.

**Thomas R. GALLUCCI, et al., Defendants.**

**No. 3:02CV1233(EBB).**

United States District Court, D. Connecticut.

June 3, 2004.

Jan Van Eck, East Havec, CT, Pro se.

John B. Hughes, U.S. Attorney's Office–NH, New Haven, CT, for Defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

BURNS, Senior District Judge.

### INTRODUCTION

The United States of America, on behalf of the Defendants, has moved pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss this suit in its entirety. Plaintiff seeks damages for: 1) false arrest; 2) false imprisonment; 3) larceny; and 4) violations of his consti-tutional rights pursuant to the Fourth, Fifth, and Fourteenth Amendments, when he was taken into custody pursuant to a *capias* order issued by this court.

### STATEMENT OF RELEVANT FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues in, and the decision rendered on, this Motion.

The Plaintiff, Jan Van Eck, was the subject of a subpoena enforcement action brought by the United States on behalf of the Department of Transporta-tion("DOT").[1] The enforcement action was commenced on January 18, 2000, and styled *United States Department of Transportation v. Herman Jan Van Eck, d/b/a Flying Dutchmen Motorcoach*, Doc. No. 3:00MC24 (EBB). Due to Plaintiff's total failure to respond to the subpoena enforcement action, a *capias*, or a civil arrest warrant, was issued on July 18, 2000. The *capias* was executed and Plain-tiff was taken into custody on July 20, 2000.

The Plaintiff complained of illness en route to the District Court and was trans-ported to the emergency room at Yale New Haven Hospital by Defendant Thom-as Gallucci("Gallucci"). Plaintiff was re-leased from the hospital later that same day. Plaintiff, however, remained in fed-eral custody, and was transported to the New Haven jail. The following morning, July 21, 2000, Plaintiff was transported to the District Court for purposes of a show cause hearing as to why he should not be held in contempt of court. The hearing was held before this Court, at which time Plaintiff agreed, accompanied by govern-ment agents, to retrieve his business docu-ments, responsive to the DOT's subpoena. The hearing began at 10:00 am and con-

---

1. At all relevant times, Jan Van Eck was the owner/operator of a commercial bus.

cluded at 10:43 am. Later that day, Plaintiff was returned to District Court with the subpoenaed documents, and was released from custody.

Initially, Plaintiff seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for alleged constitutional violations based on the Fourth, Fifth and Fourteenth Amendments (Complaint ¶¶ 1, 26, 32, 33). Plaintiff also asserts state law claims of larceny, false arrest, reckless endangerment, and violations of the Connecticut Constitution. (Complaint ¶¶ 1, 29, 30, 33).

The Defendants named in the Complaint are Gallucci, Deputy United States Marshal, District of Connecticut; John Ashcroft, Attorney General of the United States; the Department of Justice; and John Does 1–10.

### *Legal Analysis*

#### I. *Standard of Review*

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "The function of a motion to dismiss is merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (*quoting Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)).

Pursuant to a Rule 12(b)(6) analysis, the Court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996). *See also, Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (Federal Rules reject approach that pleading is a game of skill in which one misstep by counsel may be decisive of a case). The proper test is whether the complaint, viewed in this manner, states any valid ground for relief. *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99.

### II. *The Standard as Applied*

#### Relief under Bivens

 Plaintiff's *Bivens* action is unfounded. *Bivens* actions seek to impose personal liability upon a federal employee, acting under color of federal law, for constitutional violations. "A *Bivens* action has two principal elements: first, a claimant must show he has been deprived of a right secured by the Constitution and the laws of the United States; second, he must show that in depriving him of that right the defendant acted under color of federal law." *Mahoney v. National Organization for Women*, 681 F.Supp. 129, 132 (D.Conn. 1987). There is no doubt that Gallucci was acting under color of law at the time of the incident at issue here. However, establishing the first *Bivens* element, *i.e.* the deprivation of a clearly established constitutional right, is an essential hurdle in any *Bivens* analysis. The absence of any deprivation of a constitutional right is a basis for dismissal of the entire case under a Rule 12(b)(6) inquiry. Plaintiff has failed to demonstrate the deprivation of any constitutional right, and even had he done so, his *Bivens* claim is likely barred.[2] Never-

---

**2.** Since Mr. Van Eck's claims regarding his lawful arrest and custody by Deputy Gallucci were previously addressed by this Court at the July 21, 2000 hearing, Mr. Van Eck is collaterally estopped from raising these claims again in a *Bivens* action. *See Allen v. McCurry*, 449 U.S. 90, 96–97, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

theless, the Court will turn to the claims briefly.

### Failure to State a Constitutional Claim for Relief

Plaintiff fails to state any constitutional claim with sufficient particularity for consideration of relief. Plaintiff's complaint is a maze through which the court can discern no viable constitutional claim. "As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987); *accord Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976); *Powell v. Jarvis,* 460 F.2d 551, 552 (2d Cir.1972). Contrary to these mandates, Plaintiff alleges only broad and conclusory claims regarding the alleged violation of his constitutional rights during his *capias* arrest and while in custody. (Complaint ¶¶ 26–36). *Cf. Ostrowski v. Mehltretter,* 20 Fed. Appx. 87, 88–89, 2001 WL 1220524, *2 (2d Cir.2001) (in *Bivens* actions, "conclusory allegations of the status of defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss"). This court agrees with the rationale of the *Ostrowski* court and declines to perform the well-settled analysis of a Fed.R.Civ.P. 12(b)(6) motion with regard to this Plaintiff's flawed complaint.

▪ In any event, Gallucci is protected by the cloak of qualified immunity due to the fact that his "conduct was objectively reasonable in light of clearly established Fourth Amendment law." *Anobile v. Pelligrino,* 274 F.3d 45, 62–63(2d Cir.2001);

*X-Men Sec., Inc. v. Pataki,* 196 F.3d 56, 66 (2d Cir.1999).

Here, a rational person would have believed that Gallucci was acting reasonably when he executed a valid *capias,* issued by a court of competent jurisdiction, for the purposes of enforcing a lawful subpoena.[3]

▪ Further, as to the Fourth and Fifth Amendment Claims, Plaintiff provides ONE sentence covering both constitutional rights; "Absent a finding by the Court, these defendants had zero authority to again chain and shackle the plaintiff, and in so doing, violated his constitutional protections as enumerated in the Fourth and Fifth Amendments." (Plaintiff's Obj. at p. 9) It is beyond peradventure that this solitary statement fails to meet any Second Circuit or Supreme Court requirements for stating a claim upon which relief may be granted.

▪ The Fourteenth Amendment due process claim also fails as a matter of law since the Second Circuit has clearly ruled that a claim of federal due process violation "is untenable where the allegation is against federal agents acting under color of federal law," *Mahoney,* 681 F.Supp. at 132, n. 6. *See also Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("Where a particular amendment provides a textual source against a particular sort of governmental behavior, that amendment [here, the Fourth and Fifth], not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").

▪ Finally, to the extent Plaintiff's due process claim is based on an allegation of negligent government misconduct, the Supreme Court has specifically held that "[t]he Due Process Clause is simply not implicated by a negligent act of an official

---

**3.** Plaintiff's state law claim for false arrest is similarly without merit.

causing unintended loss of or injury to life, liberty or property." *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Thus, all three constitutional claims against Gallucci are hereby DISMISSED.

**Respondeat Superior**

### 1. Attorney General Ashcroft

■ Attorney General Ashcroft is not liable under a *respondeat superior* theory. A *respondeat superior* claim may not be maintained against a supervisory official simply by alleging that the subordinate officers acted improperly. "Evidence of a supervisory official's "personal involvement" in the challenged conduct is required." *Hayut v. State University of New York,* 352 F.3d 733, 753 (2d Cir.2003) (*citing Johnson v. Newburgh Enlarged School District,* 239 F.3d 246, 254 (2d Cir. 2001) (citations omitted)); *Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir.2000) ("plaintiff must state a claim for direct rather than vicarious liability; *respondeat superior* is not a viable theory of *Bivens* liability").

Therefore, the *respondeat superior* claim against Attorney General Ashcroft in his capacity as supervisor is insufficient to prevail upon, and Plaintiff fails to provide the requisite factual predicate to state a claim of direct liability.

### 2. Gallucci

■ Plaintiff's claims based on a *respondeat superior* theory of recovery (Complaint ¶¶ 31, 33) do not create a cognizable theory of recovery against Gallucci for the actions of hospital and jail personnel. *See Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir.2003) (even a prison doctor who was responsible for overseeing a prison medical staff was not liable under a *respondeat superior* theory of recovery, due to the doctor's lack of personal in-volvement in the alleged unlawful activity); *accord Hayut,* 352 F.3d at 753 (personal involvement of individual defendants is required to make a successful claim under *respondeat superior* ). Here, Gallucci had no supervisory authority over the hospital and jail staff or personal involvement in any manner.

Therefore, Plaintiff's claims against Gallucci on a theory of *respondeat superior* fail as a matter of law.

**Suits against the Department of Justice**

■ Claims against the United States Department of Justice are protected from suit based on the doctrine of sovereign immunity. Absent an express waiver by Congress of the government's sovereign immunity, federal courts lack subject matter jurisdiction to consider monetary claims against the United States. *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Liffiton v. Keuker,* 850 F.2d 73, 77 (2d Cir.1988). There has been no express waiver provided by Congress that would permit this suit to continue against the United States on the various grounds relied on by the plaintiff, and thus this claim is hereby DISMISSED pursuant to Rule 12(b)(1) due to lack of subject matter jurisdiction.

**Dismissal as to "John Doe" Defendants**

■ Plaintiff failed to identify the John Doe defendants within the requisite three-year statute of limitations. Plaintiff filed his complaint on July 17, 2003 concerning events alleged to have occurred on July 20 and 21, 2000. Plaintiff named John Does 1–10 as defendants, and requested at ¶ 10 of the complaint "leave of this Court to add [John Does 1–10] to this action as their

identities become known." (Complaint at ¶ 10)

 The Second Circuit held that a plaintiff's failure to name specifically the John Doe defendants within the applicable state law limitations period[4] rendered the suit time-barred. *Tapia–Ortiz v. Doe*, 171 F.3d 150, 151–152 (2d. Cir.1999) (*per curiam* ).

> [A]lthough [the plaintiff] filed his complaint naming the defendant officers as "John Does" within the three-year statute of limitations period, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."

*Id.* at 151–52. (*quoting Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.1993) (citations omitted)). Thus, the *Tapia–Ortiz* court held that the plaintiff's delay "until two years after the expiration of the statute of limitations period to name specifically in his complaint the officers who allegedly violated his rights is therefore fatal to his *Bivens* claim." 171 F.3d at 152.

In the instant matter, Plaintiff's failure to name specific individuals as John Does 1–10 prior to July 21, 2003 renders the claims time-barred, and as in *Tapia–Ortiz, supra*, fatal to Plaintiff's *Bivens* claim. Thus, the claims against John Does 1–10 are hereby DISMISSED.

### CONCLUSION

It is clear that no relief could be granted in this case under any set of facts that could be proved consistent with the allegations. Accordingly, for each reason set forth herein, Defendants' Motion to Dismiss [Doc. No. 4] is hereby GRANTED.

SO ORDERED.

---

4. *See* Conn. Gen.Stat. § 52–577 (Connecticut Statute of Limitations applicable to this *Bivens* action is three years).