Victor RENNOLS, Plaintiff–Appellant,

v.

CITY OF NEW YORK, Jason H. Megale, police officer shield no. 27392, John Stellato, Peter Maginnis, shield no. 974, Carella, shield no. 11144, and John Does 1–5, representing several other officers employed at the 62nd precinct, Defendants–Appellees.

No. 04–0807–CV.

United States Court of Appeals, Second Circuit.

March 21, 2005.

Richard J. Cardinale, Cardinale Hueston & Marinelli, Brooklyn, NY, for Appellant.

Leonard Koerner, New York City Law Department, New York, N.Y. (Michael A. Cardozo, Corporation Counsel of the City of New York, and Ronald E. Sternberg, on the brief), for Appellee, of counsel.

Present: MESKILL, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED.**

Plaintiff-appellant Victor Rennols appeals from a judgment entered on October 28, 2003 in the United States District Court for the Eastern District of New York (Garaufis, *J.*), granting appellees' motion for summary judgment as to all claims. Rennols appeals only the grant of summary judgment on his § 1983 equal protection claim. We assume familiarity with the facts, the procedural context, and the issues on appeal.

We review a grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party; we will affirm if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003).

The district court properly granted appellees' motion for summary judgment. As to the City, Rennols has provided no evidence that the source of his harm was a governmental policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipal liability only if challenged act was performed pursuant to policy or custom). And as to the individual police officers, they are entitled to qualified immunity. *See Bizzarro v. Miranda*, 394 F.3d 82, 85–86 (2d Cir.2005) (immunity from civil liability unless acts were unreasonable based on legal rules "clearly estab-

lished at the time" (quotation omitted)); *Myers v. County of Orange*, 157 F.3d 66, 74–76 (2d Cir.1998) (holding only that a general "no cross-complaint" *policy* violates the Equal Protection Clause).\*

For the foregoing reasons, the judgment is AFFIRMED.

---

\* For the same reasons, the district court properly denied Rennols's subsequent motion to reconsider.