J.C. McCRARY, Plaintiff,

v.

COUNTY OF NASSAU, Defendant.

J.C. McCrary, Plaintiff,

v.

County of Nassau; Kathleen Rice, District Attorney, in her official capacity; Gregory Hecht, Associate Court Clerk of the District Court of Nassau County, in his individual capacity, Defendants.

Nos. 06–CV–3048 (SJF)(ARL),
06–CV–4982 (SJF)(ARL).

United States District Court,
E.D. New York.

July 2, 2007.

J.C. McCrary, Jr., Fishkill, NY, pro se.

Sondra M. Mendelson, Nassau County Attorneys Office, Mineola, NY, for Defendants.

**OPINION AND ORDER**

FEUERSTEIN, District Judge.

**I. Introduction**

On June 15, 2006, plaintiff J.C. McCrary ("Plaintiff" or "McCrary") commenced civil action number 06–CV–3048 pursuant to 42 U.S.C. § 1983 alleging, *inter alia,* that the County of Nassau ("Nassau County") violated his civil rights. On September 8, 2006, Plaintiff commenced civil action number 06–CV–4982 pursuant to 42 U.S.C. § 1983 alleging, *inter alia,* that Nassau County, Nassau County District Attorney Kathleen Rice ("Rice"), and Associate Court Clerk of the District Court of Nassau County Gregory Hecht ("Hecht") violated his civil rights. Defendant Nassau County now moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) in both actions. Defendant Rice now moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) in 06–CV–4982. Defendant Hecht now moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) [1] in 06–CV–4982.

For the reasons set forth below, Nassau County's motion in 06–CV–3048 is denied. In 06–CV–4982, Nassau County's motion and Rice's motion are granted in part and denied in part and Hecht's motion is granted.

**II. Plaintiff's Pleadings**

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers...." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Therefore, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them

---

**1.** Hecht has withdrawn his motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). *See* Hecht

Reply Mem. of Law at 1 n. 1.

'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. *Faretta v. California,* 422 U.S. 806, 834 n. 36, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

### III. Facts

The facts alleged in 06–CV–3048 and 06–CV–4982 arise from the same underlying events. The facts alleged in 06–CV–4982 are a continuation of the facts alleged in 06–CV–3048.

#### A. Case 06–CV–3048

On September 3, 2005, Police Officer Brandon Hillman ("Hillman") arrested McCrary for robbery in the first degree and various counts of criminal possession of a weapon. Second Am. Compl. ¶ 6. On or about December 19, 2005, McCrary's case was presented to a grand jury, which returned an indictment against him. *Id.* ¶ 7.

Assistant District Attorney Alexis Walters ("Walters") presented McCrary's case to the grand jury. Hillman testified that on September 3, 2005, responding to a radio call of a robbery in progress, he was "canvassing for a male black, in jeans, T-shirt, and a do-rag, who was being pursued by another officer and that a man fitting that description ran in front of his car," which caused him to arrest McCrary. *Id.* ¶ 8. According to McCrary, when he was arrested by Hillman, Hillman was canvassing for a "Hispanic male, 5'9", blue jeans, black shirt" as transmitted via police radio. *Id.* ¶ 9. He asserts that the police were not furnished with a description of the alleged robber prior to his arrest. *See id.* McCrary alleges that Hillman lied during his testimony to the grand jury. *Id.* ¶¶ 8–9.

On January 5, 2006, McCrary was arraigned on the indictment. *Id.* ¶ 7. McCrary alleges that on March 8, 2006, Assistant District Attorney Gregory Grizopoulos ("Grizopoulos") failed to disclose Hillman's allegedly false testimony from the grand jury to defense counsel and the court, and allowed Hillman to testify falsely again during a *Mapp* hearing.[2] *Id.* ¶ 10.

On March 23, 2006, pursuant to New York State Criminal Procedure Law ("NYCPL") Sections 210.20(c) and 210.35(5), McCrary filed a motion to dismiss his indictment on the ground that his grand jury proceeding had been tainted by false testimony. *Id.* ¶ 11. McCrary asserts that Assistant District Attorney Kylie Higgins ("Higgins"), in opposition to his motion to dismiss, knowingly mischaracterized Hillman's testimony as a mistake of recollection and stated that Walters was not in possession of the radio transmission at the time Hillman testified before the grand jury. *Id.* ¶ 14.

On March 23, 2006, McCrary filed a criminal complaint with the Nassau County District Court charging Hillman with perjury and official misconduct for testifying falsely before the grand jury. *Id.* ¶ 12. On April 7, 2006, McCrary filed a criminal complaint with the Nassau County District Court charging Walters with official misconduct for permitting Hillman to testify falsely before the grand jury while knowing such testimony to be false. *Id.* ¶ 13.

McCrary maintains that District Attorney Rice refused to "correct the perjury," refused to prosecute Hillman and Walters, and "caused" the Nassau County District Court to dismiss his criminal complaints against them, even though she allegedly

---

**2.** Pursuant to *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (hearing to determine whether police lawfully seized evidence).

knew that Walters allegedly allowed Hillman to perjure himself before the grand jury. *Id.* ¶¶ 15–16.

McCrary claims that Rice, Grizopoulos, and Higgins knew at the time he filed the complaint against Hillman that neither the victim, nor the witnesses to the robbery, had provided the police with a description of the person who robbed the store prior to his arrest and that there existed no basis in fact to support Hillman's grand jury testimony. *Id.* ¶¶ 16–18. McCrary asserts that an undisclosed 911 tape in the possession of the police department and the District Attorney's Office proves his allegations. *Id.*

McCrary alleges that Nassau County and the Nassau County District Attorney's Office has a policy, practice, and/or custom which precludes the consideration, investigation, and/or acceptance of criminal cross-complaints brought by an accused, against police officers and assistant district attorneys. *See id.* ¶¶ 19–22. According to McCrary, this policy, practice, and/or custom is based upon the status of the complainant as a pretrial detainee, rather than upon the facts and evidence known and possessed by defendants to prove the complainant's charges. *See id.* Moreover, the policy, practice, and/or custom allegedly insulates from investigation and criminal liability police officers and assistant district attorneys who allegedly commit and/or suborn perjury, when an accused files a complaint against them. *See id.*

### B. Case 06–CV–4982

McCrary contends that, by letters dated July 12, 2006, and July 28, 2006, he informed County Attorney Lorna B. Goodman that Nassau County and the Nassau County District Attorney's Office had a policy in place which precludes the consideration, investigation, and/or acceptance of criminal cross-complaints brought by an accused, against police officers and assistant district attorneys. Compl. ¶ 5.

McCrary also informed the County Attorney that Walters, Grizopoulos, Higgins, and the District Attorney's Office were aware of and were covering up evidence which would prove that Hillman had committed perjury and official misconduct. *Id.* ¶ 6. McCrary informed the County Attorney that he was filing new criminal complaints in the District Court against Hillman and the assistant district attorneys and requested that the District Attorney's Office discontinue its alleged policy. *Id.* at ¶ 7.

On July 28, 2006, August 1, 2006, and August 2, 2006, McCrary prepared and mailed felony and misdemeanor complaints with supporting depositions to the Clerk of the District Court, Nassau County. *Id.* ¶ 8. On August 15, 2006, defendant Hecht, Associate Clerk of the Court, returned McCrary's complaints informing him that the District Attorney's Office had informed the District Court that it declined to prosecute the complaints pursuant to NYCPL § 160.50(3)(i). *Id.* ¶ 9.

McCrary asserts that rather than filing his felony and misdemeanor complaints, Hecht sent his complaints to the District Attorney's Office for pre-screening because he was a pretrial detainee, and that the District Attorney's Office conspired with the District Court (i.e., Hecht) against him. *See id.* ¶¶ 11–13.

McCrary again alleges that Nassau County and the Nassau County District Attorney's Office has a policy, practice, and/or custom which precludes the consideration, investigation, and/or acceptance of criminal cross-complaints brought by an accused, against police officers and assistant district attorneys, based upon the status of the complainant as a pretrial detainee. *See id.* ¶¶ 5, 11–13. Moreover, the policy, practice, and/or custom insulates

police officers and assistant district attorneys, who allegedly commit and/or suborn perjury, from investigation and criminal liability when the complainant is a criminal defendant. *See id.*

## IV. Procedural History

### A. Case 06–CV–3048

On June 15, 2006, Plaintiff filed a complaint against Hillman, Rice, Walters, Grizopoulos, and Higgins. On August 3, 2006, Plaintiff moved for leave to amend his complaint. On August 8, 2006, Plaintiff filed an amended complaint which named Nassau County as an additional defendant.

On August 31, 2006, Plaintiff moved for leave to amend his complaint a second time. On October 2, 2006, Plaintiff served his initial complaint and his amended complaint. On October 3, 2006, each of the named defendants moved for an extension of time to answer.

At a conference on October 5, 2006, Plaintiff indicated that he wanted to withdraw his second amended complaint and have the Court consider his amended complaint incorporating by reference his initial complaint. On October 6, 2006, Magistrate Judge Arlene R. Lindsay granted Plaintiff's application and granted the motions for extensions of time to answer until December 6, 2006.

Plaintiff then sent a letter to Magistrate Judge Lindsay stating that he wished the Court to consider all of the allegations in all of his complaints. On October 12, 2006, Magistrate Judge Lindsay ordered Plaintiff to serve and file a motion to amend his complaint for a second time along with a proposed second amended complaint containing all of the new allegations, as well as the allegations contained in the initial complaint and the amended complaint. On October 23, 2006, Plaintiff filed a motion for leave to amend his complaint, along with a proposed second amended complaint.

On October 25, 2006, Magistrate Judge Lindsay granted Plaintiff's motion on consent, and ordered the Clerk of the Court to docket Plaintiff's second amended complaint. Magistrate Judge Lindsay also granted the defendants' motions for extensions of time to answer or move until sixty (60) days from the date of service. On December 12, 2006, each of the named defendants answered Plaintiff's second amended complaint.

On December 6, 2006, pursuant to this Court's individual rules, and a briefing schedule agreed upon by the parties, the defendants served their motion for judgment on the pleadings on Plaintiff. Plaintiff did not submit opposition to the motion, but on December 21, 2006, moved for sanctions pursuant to Fed.R.Civ.P. 11, contending that the defendants had moved for dismissal of causes of action that he did not plead in his second amended complaint.

During a subsequent telephone conference with defendants, Plaintiff indicated that he only wished to proceed against Nassau County pursuant to *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). On December 28, 2006, upon consent of the parties, the Court dismissed the claims against all defendants except Nassau County, and limited the cause of action to a *Monell* claim. On January 7, 2007, Nassau County's motion was submitted to the Court.

### B. Case 06–CV–4982

On September 8, 2006, Plaintiff filed a complaint against Nassau County, Rice, Assistant District Attorney Steven Schwartz ("Schwartz"), and Hecht.

On January 16, 2007, Nassau County, Rice, and Schwartz answered. On January 16, 2007, Plaintiff wrote a letter to the Court in which he stated that he was with-

drawing his claims against Schwartz, and that he wished to proceed against Nassau County and Rice, in her official capacity, pursuant to *Monell.* Accordingly, on January 24, 2007, upon consent of the parties, the Court dismissed the claims against Schwartz, and limited the cause of action to a *Monell* claim. On February 14, 2007, Nassau County's motion and Rice's motion were submitted to the Court.

On February 5, 2007, Hecht requested a two (2) week extension to answer or otherwise move. On February 6, 2007, the Court granted Hecht's request. On February 16, 2007, Hecht served his motion to dismiss on Plaintiff. On March 3, 2007, Hecht's motion was submitted to the Court.

## V. Standard of Review

When deciding a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard as is used in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360, 363 (2d Cir.2005). A complaint must be dismissed pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). *See Iqbal v. Hasty,* 490 F.3d 143, 157–58, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 128 (2d Cir.1999). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Levitt v. Bear Stearns & Co.,* 340 F.3d 94, 101 (2d Cir.2003) (internal citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citation omitted).

In deciding a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, a court may consider the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings. *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

## VI. Analysis

### A. Municipal Liability

■ Both complaints allege a violation of Section 1983 by Nassau County. A municipality or municipal entity cannot be held liable under Section 1983 on a *respondeat superior* theory. *See Monell v. Department of Soc. Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Linder v. City of New York,* 263 F.Supp.2d 585, 591 (E.D.N.Y. 2003). However, a municipal entity may be liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] … [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018.

■ To hold a municipality liable in a Section 1983 action, a plaintiff is required

to plead and prove three (3) elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995) (citations and quotations omitted). To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. *Moray v. City of Yonkers,* 924 F.Supp. 8, 12 (S.D.N.Y.1996). *See also Davis v. Lynbrook Police Dept.,* 224 F.Supp.2d 463, 478 (E.D.N.Y.2002). "Mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Davis,* 355 F.Supp.2d at 678 (quoting *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir. 1993)).

Plaintiff alleges that Nassau County and Rice [3] deprived him of his constitutional rights by adopting and/or carrying out a blanket policy, practice, and/or custom against considering, investigating, and/or accepting criminal cross-complaints brought by an accused, against police officers and assistant district attorneys.

### 1. Equal Protection

■ A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). However, in *Myers v. County of Orange,* 157 F.3d 66 (2d Cir.1998), the Second Circuit held that where a district attorney enacts a policy which acts as a blanket proscription against criminal cross-complaints, the cross-complainant's constitutional rights are violated. The court stated that "a policy by a police department or district attorney's ... office favoring an initial complainant over a later one without giving primary regard to the particular facts involved in the case violates the Equal Protection Clause of the Fourteenth Amendment." *Id.* at 69. The court further found that the policy "create[d] an unnecessary risk that innocent persons will be prosecuted and possibly convicted," and concluded that the policy "bears no rational relationship to the legitimate governmental interest in impartial law enforcement." [4] *Id.* at 75, 76.

Plaintiff alleges the existence of a policy, practice, and/or custom prohibiting the consideration, investigation, and/or acceptance of cross-complaints against police officers and assistant district attorneys, by an accused, which Nassau County and Rice

---

3. Plaintiff's claims against Rice in her official capacity are subsumed by Plaintiff's claims against Nassau County. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (noting that "official capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent").

4. The court applied rational review because it concluded that the policy did not "burden a fundamental right or involve a suspect or quasi-suspect classification such as race, sex, alienage, or national origin." *Myers,* 157 F.3d at 75. Since the plaintiff did not claim that he was discriminated against on an individualized basis, the court did not engage in a "class of one" equal protection analysis.

deny. "The logic of *Myers* indicates that a policy ... against investigating certain claims may not withstand even rational basis review. However, that principle has not been extended by the Second Circuit to requiring that all complaints be treated the same, whatever the context." *Fedor v. Kudrak*, 421 F.Supp.2d 473, 480 (D.Conn. 2006). As a result, the Court cannot rely solely on *Myers* to conclude that the policy alleged is not "rationally related to a legitimate state interest," *Myers*, 157 F.3d at 75 (quoting *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)), and therefore violative of the Equal Protection Clause. *See also Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir.1997). Although the issue of whether the alleged policy violates the Equal Protection Clause has not been briefed by the parties,[5] drawing a reasonable inference in Plaintiff's favor, as the Court must at this stage of the litigation, it is assumed, for the purpose of analyzing Plaintiff's *Monell* claim, that, if it exists, the alleged policy violates the Equal Protection Clause. If it is established, after discovery, that the alleged policy does exist, Nassau County and Rice will not be precluded, in the context of a motion for summary judgment, from distinguishing the policy from *Myers* as rationally related to a legitimate state interest.

The *Myers* court also addressed the issue of municipal liability, reiterating its previous holdings that a county could be held liable for the management of a district attorney's office and a district attorney's long history of negligent disciplinary practices regarding law enforcement personnel, but not for decisions made by a district attorney to prosecute or decline to prosecute. *Myers*, 157 F.3d at 77. *See also Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir.1993); *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir.1992); *Gentile v. County of Suffolk*, 926 F.2d 142 (2d Cir.1991); *Baez v. Hennessy*, 853 F.2d 73 (2d Cir.1988).

The court determined that the policy at issue in *Myers* was "on par with ... a District Attorney's long practice of ignoring evidence of police misconduct and sanctioning and covering up wrongdoing ... and a District Attorney's decision not to supervise or train Assistant District Attorneys on *Brady* and perjury issues," and concluded that implementation of the policy was a managerial decision for which the county could be held liable. *Myers*, 157 F.3d at 77 (internal citations omitted).

■ Based on *Myers* and the cases cited therein, a district attorney's individualized determination that a particular complaint should not be investigated and/or prosecuted does not rise to the level of a constitutional violation and establish municipal liability.[6] However, Plaintiff's allegations regarding the existence of a policy of not considering, investigating, and/or accepting criminal cross-complaints brought by an accused against police officers and assistant district attorneys may rise to the level of a constitutional violation and state

---

**5.** Nassau County and Rice only addressed *Myers* in one (1) of their reply briefs, failing to sufficiently address it and distinguish it from this case.

**6.** Contrary to Plaintiff's erroneous assertions, while a citizen may have a right under New York law to file a criminal complaint with a local criminal court, *see* NYCPL §§ 100.10; 100.15, it is a district attorney who has the authority to determine whether criminal charges are to be brought against an accused and, if so, what offenses will be lodged. Under New York law, prior to criminal charges being filed with a local criminal court, a district attorney may decline to prosecute, in which case, the action is deemed terminated in favor of the accused and the records are sealed. NYCPL § 160.50(3)(i).

a legally sufficient claim to establish municipal liability.

To state a claim against Nassau County and Rice in her official capacity, Plaintiff must plead three (3) elements: (1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (citations and quotations omitted).

 Plaintiff has plainly pleaded the existence of a municipal policy.[7] Notwithstanding, Nassau County and Rice contend that Plaintiff has not adequately pleaded the existence of a policy because Plaintiff only "uses his isolated contact with the county employees as support for this theory." Def.'s Mem. of Law 06–CV–3048, at 13. While a single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally does not suffice to show a municipal policy or custom, *see Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991), here, Plaintiff has sufficiently alleged that other pretrial detainees' cross-complaints have similarly been rejected. *See* Second Am. Compl. 06–CV–3048 ¶ 22 ("The Defendants policy, practice and custom which automatically precludes from consideration or investigation complaints filed by plaintiff, and other pretrial detainees...."). *See also* Pl. Op. Mem. 06–CV–3048, at 6 (asserting that other pretrial detainees had their cross-complaints similarly rejected).

Nassau County and Rice also argue that no such policy exists, that Plaintiff has not offered evidence to show that the District Attorney considered his status as a pre-trial detainee when she declined to prosecute the cross-complaints he filed, and that the District Attorney was simply exercising prosecutorial discretion. These arguments are more appropriately made in a motion for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, can be examined to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). *Cf. Staley v. Grady*, 371 F.Supp.2d 411, 416 (S.D.N.Y.2005) (in granting summary judgment for the municipality, court stated that "the County had a policy in existence that if a cross-complaint was brought, the District Attorney's Office would review it, and that is exactly what occurred here.") (quotations omitted).

Accordingly, Plaintiff has successfully pleaded a plausible *Monell* claim against Nassau County and Rice in her official capacity. *See Fox v. City of New York*, No. 04 Civ. 2268, 2004 WL 856299, at *8, *13–14 (S.D.N.Y. April 20, 2004). Therefore, Nassau County's motions in 06–CV–3048 and 06–CV–4982, and Rice's motion in 06–CV–4982, to dismiss Plaintiff's equal protection claims are denied.

### 2. First Amendment

 In 06–CV–4982, Plaintiff alleges that Nassau County and Rice have interfered with his First Amendment right of access to the courts. While the "First Amendment right to 'petition the government for a redress of grievances' means that an individual has a right to access the

---

7. In *Rennols v. City of New York*, No. 00–CV–6692, 2003 WL 22427752, at *5 (E.D.N.Y. Oct.23, 2003), *aff'd*, 124 Fed.Appx. 66 (2d Cir.2005), the court suggested that both *Myers* and a later unpublished Second Circuit decision, *Moustakis v. New York City Police Dep't.*, No. 98–7972, 1999 WL 357845, at *1 (2d Cir. May 20, 1999), strongly imply that "an explicit policy is necessary for a court to find an equal protection violation of the type found in *Myers.*" Construing Plaintiff's complaint liberally, as the Court must, Plaintiff has pleaded that the alleged policy was explicit.

courts to redress a constitutional violation", *Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir.1992) (citing *California Motor Transport v. Trucking Unlimited*, 404 U.S. 508, 513, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) and *NAACP v. Button*, 371 U.S. 415, 429–30, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963)), a private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Ostrowski v. Mehltretter*, 20 Fed.Appx. 87 (2d Cir.2001). *See also Mooneyhan v. Hawkins*, No. 96–6135, 1997 WL 685423, at *7 (6th Cir. Oct.29, 1997) (First Amendment right of access to the courts does not encompass a right of access to the criminal courts or to initiate a prosecution); *Sattler v. Johnson*, 857 F.2d 224, 226–27 (4th Cir.1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). Therefore, Plaintiff cannot plead and/or prove a denial of a constitutional right, and his claims against Nassau County and Rice based upon a First Amendment violation are dismissed.

### B. Defendant Hecht [8]

Plaintiff sues Hecht in his individual capacity, alleging two (2) causes of action. In the "First Cause of Action," Plaintiff alleges that Hecht "violated plaintiff's First and Fourteenth Amendment right to access to the courts and equal protection of the law by failing to file and returning plaintiff's felony and misdemeanor complaints ..." Compl. ¶ 15. In the "Fourth Cause of Action," Plaintiff alleges that "[p]laintiff's First and Fourteenth Amendment right to access to the courts and equal protection of the law was violated by defendants Hecht and the District Attorney's office." Compl. ¶ 21.

■ To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Plaintiff's claims against Hecht fail because Hecht's conduct has not deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

■ "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*, No. 05–CV–4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted). A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Ostrowski v. Mehltretter*, 20 Fed.Appx. 87 (2d Cir.2001).

---

8. In his response to Hecht's motion to dismiss, Plaintiff claims that Hecht is in default. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A plaintiff's application for a default judgment is governed by Local Rule 55.2 for the United States District Courts for the Southern and Eastern Districts of New York. Plaintiff has failed to comply with the rule, therefore, Plaintiff's motion for a default judgment is not considered.

This considered, it is clear that Hecht's alleged actions (or inactions) in no way infringed upon any of Plaintiff's constitutional rights. *See Price v. Hasly,* No. 04–CV90S, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004); *Lis v. Leahy,* No. 90–CV–834E, 1991 WL 99060, at *1 (W.D.N.Y. June 3, 1991). Therefore, Plaintiff cannot maintain a Section 1983 action against Hecht. Accordingly, Plaintiff's claim against Hecht is dismissed.

## VII. Conclusion

For the reasons stated above, Nassau County's motion in 06–CV–3048 is DENIED; Nassau County's motion and Rice's motion in 06–CV–4982 are GRANTED in part and DENIED in part; and Hecht's motion in 06–CV–4982 is GRANTED.

It is ORDERED that 06–CV–4982 be consolidated into 06–CV–3048 as a related action. It is ORDERED that 06–CV–4982 be administratively closed and that all further docket entries be made on 06–CV–3048.

The remaining parties are directed to appear for a conference in Courtroom 1010 at the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, on *Wednesday, July 11, 2007, at 10:30 a.m.* Defendants Nassau County and Rice are directed to make arrangements to have Plaintiff available via telephone.

IT IS SO ORDERED.